**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| BRIAN LEE HAWS,<br><br>Plaintiff,<br>v.<br><br>OFFICER BODE, *et al.,*<br><br>Defendants. | Case No. 3:26-cv-00155-SLG |
| BRIAN LEE HAWS,<br><br>Plaintiff,<br>v.<br><br>CORRECTIONAL OFFICER MACK, *et al.*<br><br>Defendants. | Case No. 3:26-cv-00156-SLG |

## SCREENING ORDER

Pending before the Court are the two above-captioned cases filed by self-represented prisoner Brian Lee Haws (Plaintiff).

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] In this screening, a district court

[1] 28 U.S.C. §§ 1915, 1915A.

must identify any cognizable claims and dismiss the complaint, or any portion of the complaint, if the court determines that the case:

(a) is frivolous or malicious;

(b) fails to state a claim upon which relief may be granted; or

(c) seeks monetary relief against a defendant who is immune from such relief.[2]

In conducting its screening review, a district court must accept the allegations of the complaint as true, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[3] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[4] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[5] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[6]

---

[2] *See* 28 U.S.C. § 1915(e)(2).

[3] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[4] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[5] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[6] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[7]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[9]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[10] A complaint that is "verbose, confusing and conclusory" violates Rule 8.[11] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, it is not required to sift through

---

[7] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016).

[8] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[9] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

disorganized or incoherent material to construct claims on a litigant's behalf.[12] A complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims."[13] A complaint must give each defendant fair notice of what the plaintiff's claim against that specific defendant is and the grounds upon which that claim rests.[14]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[15] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[16] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[17] Section 1983 does not confer

---

[12] *See Johnson v. United States*, 544 U.S. 295, 296 (2005); *Garfinkle v. Super. Ct. of Nev.,* 556 F.2d 1215, 1216 (9th Cir. 1977).

[13] *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996).

[14] *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512 (2002).

[15] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[16] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[17] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002).

constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[18]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[19] A supervisor can only be held liable in his or her individual capacity under Section 1983 if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[20]

### A. Cruel and Unusual Punishment

The protections of the Eighth Amendment's Cruel and Unusual Punishment Clause are "reserved for 'those convicted of crimes'…"[21] For civil rights claims by pretrial detainees pertaining to their conditions of confinement, courts "properly rel[y] on the Due Process Clause rather than the Eighth Amendment."[22]

In an amended complaint, Plaintiff must clearly state whether he was a

---

[18] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[19] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[20] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[21] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quotation omitted).

[22] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

pretrial detainee or a convicted prisoner when the events giving rise to his claims occurred.

### B. Exhaustion of Remedies

The Prison Litigation Reform Act ("PLRA") requires prison inmates to exhaust available administrative remedies before they can bring claims in federal court arising from the conditions of their confinement.[23]

The Supreme Court has recognized three exceptions to the PLRA's administrative exhaustion requirement, namely: (1) when the administrative remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief for aggrieved inmates"; (2) if it is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[24]

### C. Statute of Limitations

A statute of limitations is a law that limits the time a plaintiff has to file a case based on the date when the claim(s) accrued. "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[25] They also "ensure that

---

[23] 42 U.S.C. § 1997e(a); *Woodford v. Ngo*¸548 U.S. 81, 90-91 (2006).

[24] *Ross v. Blake,* 578 U.S. 632, 644 (2016).

[25] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2019).

claims are filed before essential evidence disappears."[26] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[27] Section 1983 does not contain its own statute of limitations; therefore, courts apply the forum state's statute of limitations for personal injury actions.[28] Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[29] In Alaska, the statute of limitations for personal injury claims is two years.[30]

Plaintiff does not claim that he was legally incompetent during the two-year limitations period.[31] Nor has he pleaded "extraordinary circumstances" outside his control that made it impossible for him to timely file his Complaint. Alaska courts have found even major life stressors—such as illness, homelessness, or imprisonment—insufficient to justify tolling of the statute of limitations.[32] And although a statute of limitations may be tolled while a prisoner is actively seeking

---

[26] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[27] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[28] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[29] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[30] Alaska Stat. § 09.10.070.

[31] Alaska Stat. § 09.10.140(a).

[32] *Kaiser v. Umialik Ins.,* 108 P.3d 876, 882 (Alaska 2005) (holding that divorce, incarceration, and illness were all insufficient to justify tolling the statute of limitations).

relief through DOC's administrative grievance and appeal process,[33] a prisoner cannot extend the statute of limitations deadline to file his claims or revive a time-barred claim by filing an untimely or procedurally defective administrative grievance.[34]

### D. Case 155

Plaintiff filed *Haws v. Bode, et al.,* Case No. 3:26-cv-00155-SLG (Case 155) on April 8, 2026. Plaintiff's Complaint in that case describes events that allegedly occurred while Plaintiff was a pretrial detainee at the Cook Inlet Pretrial Facility.[35] The Case 155 Complaint alleges that Officers Nabong and Bode used excessive force against him in December 2021 and again on February 2, 2024, and that Superintendent Thomas and Sergeant Guzy allowed them to do so.[36] Plaintiff claims injuries including a sprained wrist, abrasions, cuts, bruising, nerve damage, swelling, disfigurement, mental anguish, pain, suffering, and PTSD.[37] For relief, Plaintiff seeks $200,000 actual and $200,000 punitive damages, totaling $400,000.[38]

---

[33] *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005) (holding that the applicable statute of limitations is tolled while a prisoner actively completes the mandatory exhaustion process).

[34] *Woodford v. Ngo,* 548 U.S. 81, 84 (2006)

[35] Case 155, Docket 1 at 4.

[36] Case 155, Docket 1 at 4.

[37] Case 155, Docket 1 at 5.

[38] Case 155, Docket 1 at 5.

Plaintiff claims he exhausted his remedies at the Cook Inlet Pretrial Facility: "Appealed all the way to the Facility Standards Office and to the Director of Institutions."[39] With the Case 155 Complaint, Plaintiff included copies of records from DOC, including grievances.[40] While he included a copy of the denial of his grievance by the Superintendent dated February 16, 2024, there are no records demonstrating that he appealed that decision to the Director of Institutions.[41] Based on the attachments to the Complaint in Case 155, it does not appear that Plaintiff exhausted his administrative remedies with respect to the February 2, 2024 incident.

Moreover, Plaintiff's claims appear to be time-barred by the applicable statute of limitations. Even if the statute is tolled while Plaintiff was pursuing his administrative grievance, the statute of limitations appears to have begun to run on February 16, 2024. Accordingly, Plaintiff's claims in Case 155 filed in April 2026 appear to be time-barred. For the same reasons, Plaintiff cannot pursue any claims related to the alleged events that occurred in December 2021.

However, the Court will not dismiss Plaintiff's claims arising from the February 2024 incident as time-barred at this time.[42] If Plaintiff files an amended

---

[39] Case 155, Docket 1 at 7.

[40] Case 155, Docket 1-1 – 1-3.

[41] Case 155, Docket 1-3 at 24.

[42] *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored when matters outside the complaint are

complaint in Case 155, he must plausibly allege facts to demonstrate that he did fully pursue his administrative remedies and that he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable two-year statute of limitations.

Further, Plaintiff fails to state a plausible claim against Superintendent Thomas or Sergeant Guzy in Case 155. A prison official's denial of a grievance does not in and of itself rise to the level of a constitutional violation.[43] Plaintiff has not identified any other action by Superintendent Thomas or Sergeant Guzy that violated Plaintiff's rights. Because it appears that allowing amendment would be futile, Plaintiff's claims against Superintendent Thomas and Sergeant Guzy in Case 155 must be dismissed without leave to amend.

Plaintiff also fails to include "simple, concise, and direct" allegations against Officers Bode or Noborg in Case 155. And based upon the DOC records provided, the video footage may show Plaintiff to be the aggressor during the February 2024 incident.[44] Although the ACLU noted that the video footage it received does not

---

not considered and where equitable tolling may apply).

[43] *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

[44] Case 155, Docket 1-3 at 24. *See also, "*Supplement to [Brian] Haws Grievance," Case 155, Docket 1-3 at 27 (summarizing the investigation, interviews conducted, video footage reviewed, and overall impressions).

allow the viewer to see what is actually happening inside the cell,[45] DOC officials indicate that the video "clearly shows the escort both from and back to [Plaintiff's] cell."[46]

Plaintiff is accorded leave to amend his excessive force claims against Officers Bode and Noborg arising from the February 2024 incident only in Case 155. If Plaintiff elects to replead his excessive force claims in an amended complaint, **his filings must be legible and concise**. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."[47]

Plaintiff may attach any additional grievance documents related to the February 2, 2024, incident only. If Plaintiff attaches DOC records or other documents to support his allegations, he must specifically identify in the amended complaint the page number of the document that supports each of his contentions.

Plaintiff should also be aware that a federal court may dismiss an excessive force claim when video evidence clearly contradicts the plaintiff's version of events.[48] If the Court dismisses Plaintiff's claims after reviewing the relevant video

---

[45] Case 155, Docket 1-2 at 8.

[46] Case 155, Docket 1-3 at 28.

[47] Fed. R. Civ. P. 8(a)(2).

[48] *Scott v. Harris,* 550 U.S. 372, 381 (2007). *See also Williamson v. City of Nat'l City,* 23 F.4th 1146, 1149 n.1 (9th Cir. 2022) (recognizing that in excessive force cases, courts "do not credit a party's version of events that the record, such as an unchallenged video recording of the incident, quite clearly contradicts" (*quoting Rice v. Morehouse,* 989 F.3d

footage, the Court will still incrementally collect the full $350 filing fee until it is paid in full.

### E. Case 156

In *Haws v. Mack, et al.,* Case No. 3:26-cv-00156-SLG (Case 159), Plaintiff filed a First Amended Complaint (FAC) on June 10, 2026. The alleged events in Case 156 appear to have occurred while Plaintiff was housed at the Wildwood Correctional Complex as a convicted prisoner.[49] The FAC in Case 156 alleges that Defendants engaged in a "campaign of harassment" against him from 2024 to 206.[50] For relief, Plaintiff seeks $500,000 in damages.[51]

Because an amended complaint replaces all prior complaints, the Court only considers the information provided in the FAC and its attachments.[52] However, the Court notes that the initial complaint names different defendants than the FAC.[53]

Liberally construed, Plaintiff appears to allege in Case 156 that he is a convicted prisoner improperly housed at Wildwood Pretrial Facility, has been kept in segregation and subjected to restrictive conditions, and retaliated against. But the FAC does not clearly or consistently identify which persons Plaintiff intends to

---

at 1112, 1120 (9th Cir. 2021))).

[49] Case 156, Docket 6 at 4.

[50] Case 156, Docket 6 at 3-5.

[51] Case 156, Docket 6 at 5.

[52] Fed. R. Civ. P. 15(a)(2); Local Civil Rule 15.1.

[53] *See* Docket 1 at 1-3 (naming Officers Mack, Bode, Nabong, and Rust as defendants).

name as defendants in this case. Superintendents Zenner, Barcus, and Zeke, and Probation Officer Brown appear on the FAC's case caption and in the section identifying defendants.[54] The case caption on the FAC also includes Correctional Officer French, but it is unclear what unconstitutional conduct, if any, Plaintiff is alleging by Officer French.[55] The FAC itself does not clearly and consistently identify the persons that Plaintiff seeks to sue, the claims asserted against each Defendant, or the factual allegations that support each claim.[56] While the attachments provide some light on Plaintiff's intentions, a court will not sift through disorganized material to construct claims on a litigant's behalf.[57] Instead, a complaint must give each defendant fair notice of what the plaintiff's claim against that specific defendant is and the grounds upon which that claim rests.[58] For these reasons, the FAC is dismissed. Plaintiff is accorded leave to file an amended complaint.

Any amended complaint in Case 156 must be limited to claims against Defendants Zenner, Barcus, Zeke, and Brown. But Plaintiff is informed that the

---

[54] Case 156, Docket 6 at 1-2.

[55] Case 156, Docket 7 at 1.

[56] *McHenry v. Renne*, 84 F.3d 1172, 1176–78 (9th Cir. 1996) (affirming dismissal under Rule 8 where the complaint did not permit a reader to determine "who is being sued, for what relief, and on what theory").

[57] *See Johnson v. United States*, 544 U.S. 295, 296 (2005); *Garfinkle v. Super. Ct. of Nev.,* 556 F.2d 1215, 1216 (9th Cir. 1977).

[58] *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512 (2002).

Supreme Court has held that “the Due Process Cluse in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State’s institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.”[59]

In short, prison officials may make classification and housing decisions for legitimate institutional, safety, or security reasons. But a prisoner may state a First Amendment claim if a prison official knowingly uses fabricated information, or causes a materially adverse classification or housing result, in retaliation for the prisoner’s exercise of the right to file grievances or pursue litigation.[60]

To state a plausible First Amendment retaliation claim, Plaintiff must identify each defendant against whom a retaliation claim is asserted and allege specific facts showing: (1) the plaintiff was engaged in conduct protected under the First Amendment, such as filing a grievance or a lawsuit; (2) the defendant took adverse action against the plaintiff; (3) the defendant took adverse action against the

---

[59] Meachum v. Fano, 427 U.S> 215, 225 (1976).

[60] *Brodheim v. Cry, 584 F.3d 1262, 1269–71 (9th Cir. 2009*, 584 F.3d at 1269–72.

plaintiff because of the plaintiff's protected conduct; (4) the adverse action taken by the defendant chilled the plaintiff's exercise of his First Amendment rights; and (5) the action taken by the defendant did not reasonably advance a legitimate correctional goal.[61]

An amended complaint must not refer generally to "defendants," "staff," or "officials"; rather, it must state clearly what each defendant personally did. For each claim, Plaintiff must allege each particular defendant's role and facts plausibly connecting Plaintiff's protected conduct to the challenged action of that particular Defendant.

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[62] An amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits.

Although handwritten filings are permitted, **they must be legible, double-spaced, have margins of at least one inch around all text, and be the**

---

[61] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015); *Brodheim* 584 F.3d at 1269–71 (9th Cir. 2009). *See also* Ninth Circuit Model Civil Jury Instruction 9.12 (First Amendment—Convicted Prisoner/Pretrial Detainee's Claim of Retaliation) and the cases cited therein.

[62] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

**equivalent to at least 13-point font size with spacing between each line.**[63] An amended complaint must contain separately numbered, clearly identified allegations. An amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred.

If Plaintiff files an amended complaint in either case, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[64] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under

---

[63] *See* Local Civil Rule 7.5.

[64] 28 U.S.C. § 1915(g).

imminent danger of serious physical injury.[65] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[66] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[67] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[68]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 in Case 155** and Amended Complaint at **Docket 6 in Case 156** are each **DISMISSED** for failure to state a claim.

2. In each case, Plaintiff is accorded 60 days from the date of this order to file either:

    a. An Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. Notice of Voluntary Dismissal, in which Plaintiff elects to close and

---

[65] 28 U.S.C. § 1915(g).

[66] *Andrews,* 493 F.3d at 1056 (cleaned up).

[67] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[68] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

end a case.

2. If Plaintiff fails to file, in each case, either an Amended Complaint or Notice of Voluntary Dismissal **within 60 days of the date of this order in each case**, the Court will dismiss that case as a strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), without further notice to Plaintiff.

3. A Notice of Voluntary Dismissal does not count as a strike.[69]

4. Plaintiff's applications to waive prepayment of the filing fee at **Dockets 2 and 5 in Case 155 and at Docket 2 in Case 156** are each **GRANTED.**

5. Federal law only allows the Court to waive a prisoner's *prepayment* of the filing fee. Prisoners must pay the $350 filing fee in each case incrementally until paid in full, regardless of the outcome of the action.[70] Should Plaintiff proceed with these lawsuits, the Court will issue a separate order for the collection of the $350 filing fee in each case (total of $700) directly from Plaintiff's prisoner trust account.

6. If Plaintiff is released from custody while these cases remain pending and the filing fee has not been paid in full in each case, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee and the administrative fee, a total of $405 in each case, or (2) file a Non-Prisoner

[69] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

[70] 28 U.S.C. § 1915(b)(1)&(2).

Application to Waive the Filing Fee (Form PS11).[71] Failure to comply may result in dismissal of the action.

7. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[72] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. At all times, Plaintiff shall promptly update his contact information in each case by filing by filing a Notice of Change of Address. Plaintiff may use the Court's Form PS23,[73] or he may file a document titled "Notice of Change of Address" that clearly states his new mailing address and its effective date. The Notice must not include requests for any other relief. Plaintiff must file a separate

---

[71] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[72] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[73] Although the Court provides forms that are required for certain filings, the Court does not require a specific form to update an address. However, a Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

Notice in each case. Failure to keep a current address on file with the Court may result in dismissal of that case without further notice to Plaintiff.

9. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[74] In the event of special circumstances or serious financial need, a litigant may ask the copying costs to be waived or reduced but must do so prior to accruing charges.

10. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to this case. Litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. However, please note that Clerk's Office staff are prohibited by law from providing legal advice.

11. With this order, the Clerk is directed to send to Plaintiff: (1) two copies of form PS01, with "AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) two copies of form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 2nd day of October, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[74] Alaska Local Civil Rule 79.2(b).